[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 20, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10178
Non-Argument Calendar
_____

Agency No. A98-561-176

ZHONG BING KE,
a.k.a.  Bing Ke Zhong,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(October 20, 2008)

Before BIRCH, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Zhong Bing Ke, a native and citizen of China, seeks review of the Board of

Immigration Appeals's order affirming the Immigration Judge's denial of asylum

and withholding of removal under the Immigration and Nationality Act, 8 U.S.C. §§ 1158, 1231, and the United Nations Convention Against Torture and Other Cruel, Inhuman and Degrading Treatment or Punishment (CAT), 8 C.F.R. § 208.16.

Ke was served with a notice to appear charging him with removability after he attempted to enter the United States without a valid entry document. On August 24, 2005, Ke filed an application for relief from removal seeking asylum, withholding of removal, and CAT relief. After a hearing the IJ found that Ke's proffered evidence was not credible and denied all relief. The BIA adopted and affirmed the IJ's opinion and denied Ke's motion to remand.

We review the BIA's decision and any portion of the IJ's decision that the BIA expressly adopts. Chen v. United States Att'y Gen., 463 F.3d 1228, 1230 (11th Cir. 2006). In this case the BIA expressly adopted the IJ's opinion and also offered additional reasoning in support of the IJ's adverse credibility determination. Thus, we will review both the IJ's underlying opinion as well as the BIA's additional rationale. We review de novo any legal determinations. D-Muhumed v. United States Att'y Gen., 388 F.3d 814, 818 (11th Cir. 2004). Factual determinations are reviewed under the highly deferential substantial evidence test. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Under the substantial evidence test we "must affirm the [ ] decision if it is

supported by reasonable, substantial, and probative evidence on the record considered as a whole." D-Muhumed, 388 F.3d at 818 (internal citation and quotation marks omitted). Credibility determinations are findings of fact evaluated under the substantial evidence test. Id. at 819. These findings are conclusive "unless a reasonable factfinder would be compelled to conclude to the contrary." Yang v. United States Att'y Gen., 418 F.3d 1198, 1201 (11th Cir. 2005).

Ke contends that the adverse credibility finding must be reversed because it was not supported by the record. In particular Ke argues that any perceived discrepancies were adequately explained and that the BIA and IJ based their conclusions on personal feelings and speculation. The government responds that Ke's appeal fails to challenge several of the IJ's findings regarding the adverse credibility determination, and thus the record does not compel reversal.

A petitioner must demonstrate that he is a "refugee" in order to be eligible for asylum. 8 U.S.C § 1158(b)(1). A "refugee" is defined as:

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, as is unable or unwilling to avail himself or herself of the protection fo, that country because of persecution or a well-founded fear of persecution on account of . . . [a] political opinion.

8 U.S.C § 1101(a)(42)(A).

An applicant's credible testimony may be enough to establish eligibility for asylum. Yang, 418 F.3d at 1201. "Indications of reliable testimony include

3

consistency on direct examination, consistency with the written application, and absence of embellishments." Ruiz v. United States Att'y Gen., 440 F.3d 1247, 1255 (11th Cir. 2006). The IJ must provide "specific, cogent reasons" to support an adverse credibility determination. Id. Further, an IJ must consider all of the evidence submitted by the applicant. Id. When an applicant submits evidence in addition to his or her testimony the IJ may not rely solely on an adverse credibility determination to deny relief. See id. "The weaker the applicant's testimony, however, the greater the need for corroborative evidence." Yang, 418 F.3d at 1201.

Under the REAL ID Act of 2005 credibility determinations by the IJ may be based on the totality of the circumstances, including the consistency between the applicant's written and oral statements and the inherent plausibility of the applicant's account, and those deficiencies need not go to the heart of the applicant's claim.[1] 8 U.S.C § 11158(b)(1)(B)(iii).

We are convinced that the IJ provided specific, cogent reasons for his adverse credibility determination with respect to Ke's claim of persecution arising from violations of China's family planning polices. The IJ's oral decision lists several inconsistencies and discrepancies between Ke's testimony, written

---

[1]The amendments under the REAL ID Act of 2005 are effective for applications filed after May 11, 2005. Because Ke filed his application for relief on August 24, 2005, the amendments apply to this case.

application, and documentary evidence. Among them are the fact that 1) Ke testified at the hearing that his wife had consented to receiving an IUD, while in his asylum application Ke stated that the IUD was inserted against her will; 2) the identification numbers on several of Ke's documents did not match; 3) Ke's testimony that he was in hiding from 1995 to 2005 was undermined by the fact that Ke re-registered his family with Chinese authorities in 2001; and 4) Ke could not offer a reasonable explanation for why and how he remained in China for approximately nine years, without repercussions, after he allegedly ran afoul of Chinese family planning authorities.

The IJ also found that Ke's documents were not worthy of belief because Ke was unable to authenticate any of them despite being given ample time to do so. In addition, Ke had been traveling under various fraudulent documents. The BIA's decision reflects that it considered Ke's arguments against the IJ's findings and found them unpersuasive. There is substantial evidence to support those findings, and we "may not substitute our judgement for that of the IJ with respect to credibility determinations." D-Muhumed, 388 F.3d at 819. The record demonstrates not only that the IJ and BIA considered all of the evidence submitted by Ke but also his documentary evidence.

In light of the numerous inconsistencies detailed by the IJ, we conclude that the IJ did not err in his adverse credibility determination or in denying asylum

5

relief.  Thus we affirm the BIA's order.  Beyond the credibility problems, Ke's allegation of persecution is inherently unpersuasive.  The only harm that Ke alleges he may suffer as a result of China's family planning policy is that he must pay a fine for having an extra child, and he cannot afford that fine.  The imposition of a fine is insufficient to demonstrate persecution.  See Yang, 418 F.3d at 1201.  Further, as the IJ noted, Ke was apparently able to secure a sum far in excess of the amount of the fine to pay for his passage to the United States.

Ke does not offer any argument regarding the IJ's and BIA's denial of withholding of removal or CAT relief.  As such, Ke has waived those issues.  See Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (holding that an issue is waived where the party fails to provide an argument on the merits of that issue).

**PETITION DENIED.**